UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| EMILIE DEAN BENTLEY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, UTAH DIVISION; PAMELA BONDI, Attorney General of the United States in her official capacity; and MELISSA HOLYOAK, United States Attorney for the District of Utah, in her official capacity,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO CORRECT CAPTION, DOCKET ENTRIES, AND PARTY DESIGNATIONS (DOC. NO. 11)**<br><br>Case No. 2:25-cv-00641<br><br>Magistrate Judge Daphne A. Oberg |

Proceeding without an attorney, Emilie Dean Bentley seeks to correct the caption, docket entries, and party designations in this case.[1] But she does not identify any valid basis for the requested corrections and her arguments about the equitable nature of the case are incorrect. Ms. Bentley's motion is denied.

## BACKGROUND

Ms. Bentley started this case by filing a pleading entitled "Non-statutory Ex Parte Petition in Equity for Mandamus for Specific Performance and Other Equitable Relief."[2]

---

[1] (Mot. to Correct Caption, Docket Entries, and Party Designations to Reflect Original Non-statutory Article III Equitable Petition and Authenticated Name, Doc. No. 11.)

[2] (Doc. No. 1.)

In the caption, Ms. Bentley is listed as the petitioner. No other parties are named. The court docketed this pleading as a complaint and identified Ms. Bentley on the docket as the plaintiff.[3]

A week later, Ms. Bentley filed an amended pleading entitled "Amended Non-statutory Ex Parte Petition in Equity for Writ of Mandamus for Specific Performance and Other Related Equitable Relief."[4] In this pleading, Ms. Bentley is again identified as the petitioner. Ms. Bentley names three respondents: the United States Department of Justice – Utah Division; Pamela Bondi, Attorney General of the United States; and Felice John Viti, Acting United States Attorney for the District of Utah. Ms. Bentley characterizes the filing as a "non-statutory petition seeking equitable relief, including mandamus under the All Writs Act and other remedies available in equity."[5] The court docketed this pleading as an "Amended Complaint/Petition in Equity for Writ of Mandamus," and added the respondents to the docket.[6] The court later substituted Melissa Holyoak for Mr. Viti—when she became the interim U.S. Attorney for the district,

---

[3] (*See* Docket.)

[4] (Doc. No. 3.)

[5] (*Id.* at 1.)

[6] (*See* Docket.)

replacing Mr. Viti as the acting U.S. Attorney.[7] The docket lists Ms. Holyoak as a defendant.[8]

ANALYSIS

Ms. Bentley moves to make the following changes to the docket:

- replace “Plaintiff” with “Petitioner”;
- replace “Defendants” with “Respondents”;
- change the caption to “In re Emilie Dean Bentley, Petitioner in Equity v. United States Department of Justice et al., Respondents”;
- replace “Amended Complaint” with “Amended Non-Statutory Ex Parte Petition in Equity for Writ of Mandamus and Specific Performance”; and
- correct the form of her name and address.[9]

Ms. Bentley contends these corrections will maintain the “Article III Equitable Posture” and prevent “procedural prejudice.”[10] She argues the docket’s “misclassifications” subject her to “procedures applicable only to statutory civil litigation,” “incorrectly

---

[7] (*See* Doc. No. 8 at 1 n.2); Fed. R. Civ. P. 25(d) (providing that “when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending,” “[t]he officer’s successor is automatically substituted as a party”).

[8] (*See* Docket.)

[9] (Doc. No. 11 at 4–5.)

[10] (*Id.* at 3.)

impl[ied] Rule 4 service obligations," and potential dismissal "based on rules not applicable to equity."[11] Ms. Bentley's motion is denied.

First, there are no grounds to correct Ms. Bentley's name or address. The name she provides in her motion is identical to her name on the docket. The sole difference: the docket shows Ms. Bentley's name in bold font style. And while the address on the docket uses all uppercase letters and abbreviates certain words (East, Lane, and Utah), it is otherwise identical to the address in the motion.[12] The style differences do not make the substance inaccurate. No correction is needed.

Next, Ms. Bentley has not shown any valid basis to change the case caption, party roles, or pleading titles. She argues different procedural rules apply because her case sounds in equity. This is incorrect. The Federal Rules of Civil Procedure, effective in 1938, abolished the procedural distinction between suits in equity and suits at law.[13] And these rules "govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81."[14] Rule 81 lists proceedings

---

[11] (*Id.* at 4.)

[12] (*See id.* at 5; Docket.)

[13] *See* Fed. R. Civ. P. 2 ("There is but one form of action—the civil action"); Fed. R. Civ. P. 1 advisory committee's note 3 ("[T]he Court has united the general rules prescribed for cases in equity with those in actions at law so as to secure one form of civil action and procedure for both."); *Petrella v. MGM*, 572 U.S. 663, 679 (2014) ("[T]here has been, since 1938, only 'one form of action—the civil action.'" (quoting Fed. R. Civ. P. 2)); *Blondet v. Hadley*, 144 F.2d 370, 372 (1st Cir. 1944) ("[T]here is no longer any procedural difference between suits in equity and actions at law.").

[14] Fed. R. Civ. P. 1.

governed by other rules or statutes—such as admiralty, bankruptcy, applications for citizenship, and petitions for writs of habeas corpus (among others).[15] But none of these categories apply to Ms. Bentley's case, based on a review of her pleadings. And Ms. Bentley does not argue this case falls into any Rule 81 category. Accordingly, the Federal Rules of Civil Procedure govern this case.

The federal rules do not support Ms. Bentley's requests. Under Rule 3, a "civil action is commenced by filing a *complaint* with the court."[16] And Rule 7 lists a complaint among the pleadings allowed in civil actions.[17] This list does not include a "petition." Consistent with these rules, Ms. Bentley's pleadings are properly designated on the docket as a complaint and an amended complaint—not petitions.

Likewise, the federal rules refer to "plaintiff" and "defendant" throughout, rather than "petitioner" or "respondent."[18] Under the rules, Ms. Bentley is properly designated as the plaintiff on the docket, and Ms. Holyoak is properly designated as a defendant. In fact, the Department of Justice and Attorney General Bondi should also be designated as defendants instead of respondents. The caption will be corrected to

---

[15] *See* Fed. R. Civ. P. 81.

[16] Fed. R. Civ. P. 3 (emphasis added).

[17] Fed. R. Civ. P. 7(a)(1).

[18] *See, e.g.*, Fed. R. Civ. P. 4(a)(1)(B)–(C) (requiring a summons to "be directed to the defendant" and "state the name and address of the plaintiff's attorney or—if unrepresented—of the plaintiff"); Fed. R. Civ. P. 17 (titled "Plaintiff and Defendant; Capacity; Public Officers").

reflect this. And Ms. Bentley's request to change all parties to petitioners or respondents is denied.

CONCLUSION

Ms. Bentley's motion[19] to correct the caption, docket entries, and party designations is denied. However, the court will correct the docket to properly designate the Department of Justice and Attorney General Bondi as "Defendants," consistent with the federal rules and this order.

DATED this 30th day of September, 2026.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

[19] (Doc. No. 11.)